UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK TROUTMAN,

                          Plaintiff,

v.                                          Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC

                          Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Mark Troutman is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Portfolio Recovery Associates, LLC is a foreign business corporation organized and existing under the laws of the State of Virginia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt with GE Capital. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That in or about April 2011, Plaintiff paid the alleged subject debt in full to GE Capital.

13. That upon information and belief, sometime after Plaintiff paid the debt to GE Capital, Defendant acquired Plaintiff's GE Capital account.

14. That on January 25, 2013, Plaintiff received a Summons and Complaint filed in the City of Buffalo City Court by the Defendant in regards to the subject debt.

15. That in or about January, 2013, Plaintiff contacted GE Capital to confirm that the account in question was paid in full. A representative from GE Capital informed him that account was paid in full and would send him a letter to the effect.

16. That in or about January, 2013, Plaintiff contacted Defendant to inform them that he contacted GE Capital and confirmed that the account was paid off through GE Capital.

17. That Defendant responded that Plaintiff still owed the alleged subject debt and wanted him to set up a payment plan.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A.  Defendant violated 15 U.S.C. §1692e (2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by filing a lawsuit against the Plaintiff and attempting to collect a debt that the Plaintiff did not owe.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a)  Actual damages;

  (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 20, 2014

                                          /s/ Seth J. Andrews, Esq
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
       khiller@kennethhiller.com

3